UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

BRENDA BALLIACHE,   CASE NO.:

    Plaintiff,

vs.

REALTIME PROPERTY
MANAGEMENT OF SOUTH
FLORIDA LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, BRENDA BALLIACHE ("Ms. Balliache" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, REALTIME PROPERTY MANAGEMENT OF SOUTH FLORIDA LLC ("Realtime" or "Defendant") and alleges the following:

1. Plaintiff brings these claims against Defendant for sexual orientation discrimination and retaliation in violation of Title VII ("Title VII") and the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

**JURISDICTION**

2. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, pursuant to Title VII, and the actions giving rise to this lawsuit occurred in Palm Beach County, Florida. The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's Title VII claim that

it forms part of the same case or controversy.

3. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") on or about June 26, 2020, and an amended charge on July 2, 2020.

4. On or about April 23, 2021, Plaintiff received her Notice of Right to Sue from the EEOC giving her 90 days to file a lawsuit upon her receipt of same.

5. More than 180 days have passed since the filing of the Charge of Discrimination.

6. Plaintiff timely files this lawsuit, and has complied with all administrative prerequisites.

7. Defendant is a Florida Profit Corporation that is registered to do business in the state of Florida, including, among other places, Palm Beach County, Florida.

8. All Conditions precent to this action have been satisfied and/or waived.

## VENUE

9. Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## PARTIES

10. Plaintiff is protected by Title VII and FCRA because:

   a. She is a lesbian woman;

   b. She suffered discrimination and retaliation by Defendant on the basis of her sexual orientation; and

   c. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her sexual orientation

2

including being terminated for same.

11. Defendant was at all material times an "employer" as defined Title VII/FCRA, as it employed in excess of fifteen (15) employees.

## GENERAL ALLEGATIONS

12. Ms. Balliache worked for Realtime as a Senior Property Manager from December 26, 2018, until her termination on September 25, 2019.

13. During her tenure with Realtime, Ms. Balliache was an excellent employee, who had no significant history of performance, disciplinary, or attendance issues.

14. Throughout her employment, Assistant Property Manager, Lillian Wolle ("Ms. Wolle"), viciously discriminated against our client for no other reason than our client's sexuality and who she loves.

15. Within the first two (2) weeks after Ms. Balliache began working for Realtime, Ms. Wolle began consistently degrading our client with discriminatory comments towards her sexuality on a near-daily basis.

16. Specifically, Ms. Wolle made such comments as, "being gay is disgusting," "I can't believe you gave up dick," "you visually look like a lesbian", called "not ladylike," referred to as a "mutt" and many other offensive comments.

17. Ms. Wolle's severe and pervasive comments are direct evidence of sexual orientation discrimination in violation of Title VII/FCRA.

18. Throughout her employment, Ms. Balliache objected multiple times to Owner, Beth White ("Ms. White"), but the latter dismissed all verbal complaints.

19. Unable to withstand the harassment any further, on September 17, 2019, and September 19, 2019, Ms. Balliache reduced her complaints to writing and sent them to Ms. White via e-mail.

20. Ms. Balliache's verbal and written complaints are considered protected activity under Title VII and the FCRA.

21. The same day that Ms. Balliache objected to illegal sexual orientation discrimination, Ms. White and Human Resources Representative, "Rachel," called our client into a meeting to ostensibly address her concerns.

22. However, instead of assessing the discrimination that our client endured, Rachel called into question our client's performance, informed her that Ms. Wolle was not her subordinate, and accused her, the victim, of having a negative attitude.

23. Realtime's victim-blaming actions are unacceptable and are in direct contrast to the anti-retaliation provisions of Title VII and the FCRA.

24. Realtime was unable or unwilling to conduct a fair and professional investigation into Plaintiff's objections and merely attempted to find ways to retaliate against the injured party.

25. As such, on September 25, 2019, just a few days after Plaintiff objected to the discrimination she was enduring, Ms. White and Rachel terminated Ms. Balliache in violation of the law.

26. When Ms. Balliache asked why she was being terminated, Rachel accused our client of being "insubordinate and uncooperative," while being unable to provide any specific examples of the alleged behavior. This is clear pretext.

27. It is evident that Realtime fired Plaintiff due to her sexuality and in retaliation to her objections in clear violation of Title VII/FCRA.

28. Title VII and the FCRA prohibit sexual orientation discrimination in the workplace, and protects employees from retaliation when they object to same.

29. Plaintiff's termination constitutes an adverse action as defined by Title

VII/FCRA.

30. Plaintiff suffered an adverse action as a result of her sexual orientation and her objections to sexual orientation discrimination.

31. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

32. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

33. Plaintiff has suffered damages as a result of Defendant's illegal conduct towards her.

34. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:  DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON SEXUAL ORIENTATION

35. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 34 of the Complaint as if fully set forth in this Count.

36. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual orientation discrimination under Title VII.

37. The discrimination to which Plaintiff was subjected was based on her sexual orientation.

38. Title VII prohibits sexual orientation discrimination in the workplace. *See Bostock v. Clayton Co. Ga.*, 140 S. Ct. 1731, 207 L.Ed.2d 218 (2020).

39. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

40. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

41. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

42. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII BASED ON OBJECTIONS TO SEXUAL ORIENTATION DISCRIMINATION

43. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 34 of the Complaint as if fully set forth in this Count.

44. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

45. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on her sexual orientation.

46. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47. The conduct of Defendant was so willful and wanton, and in such reckless

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

48. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

49. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT I: DISCRIMINATION IN VIOLATION OF THE FCRA BASED ON SEXUAL ORIENTATION

50. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 34 of the Complaint as if fully set forth in this Count.

51. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual orientation discrimination under the FCRA.

52. The discrimination to which Plaintiff was subjected was based on her sexual orientation.

53. FCRA prohibits sexual orientation discrimination in the workplace. See *Bostock v. Clayton Co. Ga.*, 140 S. Ct. 1731, 207 L.Ed.2d 218 (2020); *Fla. Dept. of Community Affairs v. Bryant*, 586 So. 2d 1205 (Fla. 1st DCA 1991) ("Because [the FCRA] is patterned after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, federal case law dealing with Title VII is applicable.").

54. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

55. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

56. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

57. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT II:  RETALIATION IN VIOLATION OF THE FCRA BASED ON OBJECTIONS TO SEXUAL ORIENTATION DISCRIMINATION

58. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 34 of the Complaint as if fully set forth in this Count.

59. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under the FCRA.

60. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on her sexual orientation.

61. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62. The conduct of Defendant was so willful and wanton, and in such reckless

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

63. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

64. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of July, 2021.

By: ___*Noah E. Storch*___
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Rd.84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

9